IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



| | |
|---|---|
| GLENN C. CAMPBELL, M.D., an individual resident of the Commonwealth of Virginia, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 4:12CV066 |
| RIVERSIDE HOSPITAL, INC. d/b/a RIVERSIDE REGIONAL MEDICAL CENTER, a corporation organized under the laws of the Commonwealth of Virginia, | ) ) ) ) ) ) ) |
| SERVE: | ) ) |
| Richard J. Pearce 701 Town Center Drive, Suite 1000 Newport News, Virginia 23606-4286 | ) ) ) ) |
| PENINSULA SURGERY CENTERS II, LLC d/b/a DOCTORS SURGERY CENTER – WILLIAMSBURG, a limited liability company organized under the laws of the Commonwealth of Virginia, | ) ) ) ) ) ) |
| SERVE: | ) ) |
| Richard J. Pearce 701 Town Center Drive, Suite 1000 Newport News, Virginia 23606-4286 | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Glenn C. Campbell, M.D. ("Dr. Campbell") by counsel, respectfully states as follows for his Complaint against Defendants Riverside Hospital, Inc. d/b/a Riverside Regional Medical Center, Inc. ("Riverside") and Peninsula Surgery Centers II, L.L.C. d/b/a Doctors Surgery Center—Williamsburg ("Peninsula") (collectively, the "Riverside Defendants").

## NATURE OF ACTION

1. Dr. Campbell is a comprehensive general ophthalmologist with special expertise in laser vision correction, cataract surgery, and laser surgery for glaucoma. He treats patients from throughout the Virginia Peninsula and performs surgery at various locations in Williamsburg and Newport News. One such location at which Dr. Campbell performs surgery is the "Doctors Surgery Center—Williamsburg" (the "Center") that is operated by Defendant Peninsula.

2. Pursuant to an Operating Agreement with Defendants Riverside, Peninsula, and various other individual physicians, Dr. Campbell is a "Member" of the L.L.C. that operates the Center, Defendant Peninsula. Section 7.06 of the Operating Agreement imposes upon Dr. Campbell a covenant not to compete (the "Non-Compete") within the Center's "Service Area," defined as James City County, York County, and the City of Williamsburg. The Non-Compete prevents any "Member" of the L.L.C. from "directly or indirectly, alone or as a member of a partnership, or as an officer, director, shareholder, member, medical director, principal, agent or employee of any corporation, partnership, or any other person, engage[ing] in the ownership, operation, management or control of any Medicare certified outpatient surgical hospital/ambulatory surgery center or any other outpatient surgery provider that competes with the [Center]."

3. Defendant Riverside is also a "Member" of the L.L.C., Defendant Peninsula—as is Defendant Peninsula itself. As "Members" of the L.L.C., the Riverside Defendants are also subject to the same Non-Compete as Dr. Campbell. With respect to the Riverside Defendants, the only exception to the Non-Compete applies to their "existing facilities" within the Service Area as of the 2004 effective date of the Operating Agreement. These *existing facilities* " within

the Service Area include the following as of the 2004 effective date of the Operating Agreement that are specifically identified therein: "(1) the ambulatory surgery center known as Warwick Day Surgery, (2) the outpatient surgical department of Riverside Regional Medical Center or any other Riverside Affiliate hospital within the Service Area, and (3) the ambulatory surgery center known as Peninsula Surgery Centers, L.L.C." Under the Operating Agreement, an "Affiliate" of the Riverside Defendants is broadly defined as follows:

> "Affiliate" means any Person that directly or indirectly controls, is controlled by, or is under common control with, such Person. As used in this definition of "Affiliate," the term "control" means either (i) the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of a Person, whether through ownership of voting securities, by contract or otherwise, or (ii) a direct or indirect equity interest of ten percent (10%) or more in the entity.

4. In recent years, Dr. Campbell has become dissatisfied with the quality of patient care and other aspects of operation of the Center. In an effort to give patients in the Virginia Peninsula additional options, Dr. Campbell has—through an existing entity of which he is an owner known as the Advanced Vision Institute—submitted a Certificate of Public Need ("COPN") to the Virginia Department of Health ("VDH"). If approved by VDH, the COPN would permit the opening of an ophthalmic surgery center in Williamsburg to be known as the Advanced Vision Surgery Center ("AVSC").

5. In an effort to maintain its market share and control over various health care services in the Virginia Peninsula, the Riverside Defendants have undertaken a coordinated effort to block the opening of AVSC. This effort has included having various third parties over whom Defendants Riverside and Peninsula have control to oppose the AVSC COPN. As part of this effort, Defendant Peninsula filed the complaint attached as **Exhibit A** in the Circuit Court for James City County/City of Williamsburg (the "State Court Action"). In the State Court

Action, Defendant Peninsula alleges that the mere act of applying for the COPN violates the Non-Compete's prohibition against "engag[ing] in the ownership, operation, management or control of any Medicare certified outpatient surgical hospital/ambulatory surgery center or any other outpatient surgery provider that competes with the [Center]." Of course, even if the COPN were issued, it could always be transferred to a third party without violating the Non-Compete. Defendants have nevertheless cited the pendency of the State Court Action as grounds for VDH to deny the COPN for AVSC.

6. Defendant Peninsula has pursued the State Court Action notwithstanding the fact that the Operating Agreement contains the following clause entitled "Dispute Resolution" requiring arbitration in Newport News (the "Arbitration Agreement").

> Any controversy, dispute or disagreement arising out of or relating to this Agreement, the breach thereof, or the subject matter thereof, upon election of the Company, upon the Majority Vote of Members, or Manager shall be resolved through good faith negotiations of the Members, Company and Manager, as appropriate. If after ten (10) days, unless extended by agreement of the parties, the matter has not been resolved, then the Members, Company or Manager may request that the matter be settled by binding arbitration, which shall be conducted in Newport News, Virginia in accordance with the American Health Lawyers Association Alternative Dispute Resolution Service Rules of Procedure for Arbitration, and which to the extent of the subject matter of the arbitration, shall be binding not only on Company, Members and Manager, but on any Affiliate of Company, Members and Manager, and upon any Assignee, entity or person having any rights under this Agreement to distributions of the Company, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

On May 3, 2012, Defendant Peninsula announced its intention to take a non-suit of the State Court Action. The non-suit is purportedly without prejudice, however, to Defendant Peninsula's asserted "right" to violate the Arbitration Agreement by refiling in the Circuit Court for James City County/City of Williamsburg.

7.     Wile seeking to block competition from AVSC, Defendant Riverside is itself on the verge of violating the Non-Compete. Defendant Riverside has announced the intention to open a new hospital in Williamsburg under the name Riverside Doctors' Hospital Williamsburg. According to the printout from Riverside's Web site attached as **Exhibit B**, Riverside Doctors' Hospital Williamsburg will offer outpatient surgery—in direct violation of the Non-Compete.

8.     In view of the foregoing sequence of events, Plaintiff Dr. Campbell seeks an order:

   a.     compelling the Riverside Defendants to arbitrate all disputes related to the Non-Compete in accordance with the Arbitration Agreement; and

   b.     preserving the status quo by preventing the Riverside Defendants and their "Affiliates"—including anyone acting in concert or association with the Riverside Defendants within the meaning of Fed. R. Civ. P. 65(d)(2)(C)—from performing outpatient surgery at Riverside Doctors' Hospital Williamsburg during the pendency of the arbitration.

## PARTIES

9.     Plaintiff Dr. Campbell is an individual who resides in James City County in the Commonwealth of Virginia.

10.    Defendant Riverside is a Virginia corporation with its principal place of business located at 500 J. Clyde Morris Boulevard, Newport News, Virginia 23601-1929.

11.    Defendant Peninsula is a Virginia limited liability company with its principal place of business located at 606 Denbigh Boulevard, Suite 601, Newport News, Virginia 23608-4413.

5

4834-1466-9071.1

## JURISDICTION AND VENUE

### (Subject Matter Jurisdiction)

12. Pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1331, this Court has jurisdiction to hear Dr. Campbell's petition to compel arbitration for the following reasons:

   a. This claim arises under the laws of the United States, specifically the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA").

   b. The United States District Court for the Eastern District of Virginia is the court which, but for the arbitration agreement, would have jurisdiction in a civil action arising out of the arbitration agreement. 9 U.S.C. § 4.

   c. The United States District Court for the Eastern District of Virginia has jurisdiction over the venue in which the arbitration is required to take place: Newport News, Virginia. 9 U.S.C. § 4.

13. With respect to Dr. Campbell's claims arising under state law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and pendent jurisdiction pursuant to the doctrine of *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). This Court has supplemental and pendent jurisdiction because Dr. Campbell's other claims are so related to Dr. Campbell's claims arising under federal law that they form part of the same case or controversy under Article III of the U.S. Constitution.

### (Personal Jurisdiction)

14. This Court has personal jurisdiction over Defendant Riverside for the following reasons:

   a. Riverside has a place of business in the Commonwealth of Virginia, specifically, at 500 J. Clyde Morris Boulevard, Newport News, Virginia 23601-1929.

4834-1466-9071.1

  b. Pursuant to the Operating Agreement, Riverside has submitted itself to the jurisdiction and venue of this Court.

  c. The conduct of Riverside of which Dr. Campbell complains was directed at the business and profession of Dr. Campbell transacted from Riverside's offices in the Commonwealth of Virginia. This conduct has already caused injury to Dr. Campbell in the Commonwealth of Virginia and—unless enjoined—threatens Dr. Campbell with irreparable injury in the Commonwealth of Virginia.

15. This Court has personal jurisdiction over Defendant Peninsula for the following reasons:

  a. Peninsula has a place of business in the Commonwealth of Virginia, specifically, at 606 Denbigh Boulevard, Suite 601, Newport News, Virginia 23608-4413.

  b. Pursuant to the Operating Agreement, Peninsula has submitted itself to the jurisdiction and venue of this Court.

  c. The conduct of Peninsula of which Dr. Campbell complains was directed at the business and profession of Dr. Campbell transacted from the offices of Peninsula in the Commonwealth of Virginia. This conduct has already caused substantial injury to Dr. Campbell and—unless enjoined—threatens Dr. Campbell with irreparable injury in the Commonwealth of Virginia.

**(Venue)**

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) for the following reasons:

  a. All Defendants reside or can be found in the Eastern District of Virginia.

4834-1466-9071.1

b.  A substantial part of the events giving rise to the claims asserted herein occurred in the Eastern District of Virginia.

c.  A substantial part of the property that is the subject of the claims asserted herein is located in the Eastern District of Virginia.

d.  Venue is proper in this Division pursuant to Local Rule 3(C) because a substantial part of the events giving rise to the claims asserted herein occurred in, and a substantial part of the property that is the subject of the claims asserted herein is located within, the Newport News Division.

## COUNT ONE

### (Federal Arbitration Act)

17.  Dr. Campbell hereby incorporates by reference the foregoing paragraphs 1 through 16.

18.  By virtue of the conduct of the Riverside Defendants described herein, Dr. Campbell is entitled to an order compelling them to arbitrate pursuant to 9 U.S.C. § 4.

## COUNT TWO

### (Breach of Contract)

19.  Dr. Campbell hereby incorporates by reference the foregoing paragraphs 1 through 18.

20.  If the Riverside Defendants proceed to perform or permit outpatient surgery at Riverside Doctors' Hospital Williamsburg in violation of the Non-Compete, Dr. Campbell faces irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Campbell respectfully requests that this Court:

      A.    Compel the Riverside Defendants to arbitrate pursuant to the Operating Agreement;

      B.    Enter a temporary restraining order and preliminary and permanent injunctive relief prohibiting the Riverside Defendants and their "Affiliates"—including anyone acting in concert or association with the Riverside Defendants within the meaning of Fed. R. Civ. P. 65(d)(2)(C)—from violating the Non-Compete within the Service Area by performing or permitting outpatient surgery at Riverside Doctors' Hospital Williamsburg;

      C.    Award Dr. Campbell his costs and attorneys' fees; and

      D.    Grant such other and further relief as appropriate under the circumstances.

Dated: May 3, 2012

Respectfully submitted,

GLENN C. CAMPBELL, M.D.,

By: _____
              Counsel

Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, NW, Sixth Floor
Washington, DC 20007-5143
(202) 672-5300
(202) 672-5399 (fax)

*Counsel for Glenn C. Campbell, M.D.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2012, I caused a copy of the foregoing COMPLAINT to be sent by email and by U. S. mail to the following counsel for the Riverside Defendants:

>John B. Mumford, Esq.
>Emily M. Scott, Esq.
>Hancock, Daniel, Johnson & Nagle, P.C.
>4701 Cox Road, Suite 400
>Glen Allen, Virginia 23060
>jmumford@hdjn.com
>escott@hdjn.com

By: /s/ Michael J. Lockerby
Michael J. Lockerby (VSB No. 24003)
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, NW, Sixth Floor
Washington, DC 20007-5143
Direct Dial: 202.945.6079
Cell: 804.399.6089
Fax: 202.672.5399
mlockerby@foley.com

Counsel for Dr. Glenn C. Campbell, M.D.

4834-1466-9071.1